**\*\* E-filed April 6, 2010 \*\***

1 | RICHARD R. PATCH (State Bar No. 88049)
BRIAN J. SCHMIDT (State Bar No. 265937)
2 | COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
3 | San Francisco, California 94111-4213
Telephone: 415.391.4800
4 | Facsimile: 415.989.1663
Email: ef-rrp@cpdb.com
5 |         ef-bjs@cpdb.com

6 | Attorneys for Plaintiff and Cross-Defendant
DMB ERSB LLC and Cross-Defendants DMB
7 | REALCO, LLC, DMB COMMUNITIES LLC,
and DMB COMMUNITIES II, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DMB ERSB LLC, an Arizona limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LONGWOOD SAN BENITO LLC, a California limited liability company,<br><br>　　　　Defendant.<br><br>　　and<br><br>EL RANCHO SAN BENITO LLC, a Delaware limited liability company,<br><br>　　　　Nominal Defendant. | Case No. CV 09-2003 JW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIAL PRODUCED DURING DISCOVERY**<br><u>**AS AMENDED BY THE COURT**</u> |
| LONGWOOD SAN BENITO LLC, a California limited liability company,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>DMB REALCO, LLC, an Arizona limited liability company, DMB COMMUNITIES LLC, an Arizona limited liability company, DMB COMMUNITIES II LLC, an Arizona limited liability company, DMB ERSB LLC, an Arizona limited liability company, and DOES 1-50,<br><br>　　　　Cross-Defendants. | |

13703.003.1335778v1                          1                          Case No. CV 09-2003 JW

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIAL
PRODUCED DURING DISCOVERY**

1   Pursuant to Civil Local Rule 7-12, the parties submit the following stipulation concerning
2   treatment of confidential material produced during discovery, and request that the Court enter it as
3   an order.

4   **STIPULATION**

5   1.   This Stipulation shall be applicable to and govern all depositions, documents
6   produced in response to requests for production of documents, answers to interrogatories,
7   responses to requests for admission, and all other discovery in this action which any party
8   (whether or not it furnished the material) designates as "confidential."  The designation of
9   "confidential" is intended to encompass material of any nature that the designating party in good
10  faith believes qualifies for protection under standards developed under Federal Rule of Civil
11  Procedure 26(c).

12  2.   Material governed by this Stipulation shall be used by any recipient solely for the
13  purpose of conducting this litigation, and not for any other purpose whatsoever, and such material
14  shall not be disclosed to anyone except as provided herein.

15  3.   Any material disclosed through discovery in this action may be designated by a
16  party as confidential in the following way:

17  (a)   In the case of documents, the legend "CONFIDENTIAL" must be affixed to
18  each page that contains protected material.  The designation shall be made at the time such
19  material is produced, or as soon thereafter as the party seeking protection becomes aware of the
20  confidential nature of the material.  The term "document," as used in this Stipulation, shall have
21  the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include,
22  without limitation, all "documents and electronically stored information" as defined in Rule 34 of
23  the Federal Rules of Civil Procedure, all "writings," "recordings" and "photographs" as defined in
24  Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any
25  computer system or other electronic or optical data storage device.

26  (b)   In the case of depositions: (i) by a statement on the record by counsel
27  during the deposition that the entire transcript or a portion thereof shall be designated as
28  confidential; or (ii) by written notice of such designation sent by counsel within ten court days

after the deposition transcript is received by counsel for each of the parties.  If any material designated as confidential is referenced during the course of a deposition, the portion of the deposition record reflecting such confidential material shall be treated in the same manner as the material itself.

4. Material designated as confidential under this Stipulation, including copies of the material, extracts of the material, and compilations reflecting the material, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) personnel of the parties actually engaged in assisting in the litigation of this action and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the litigation of this action, are under the supervision or control of such counsel, and have been advised by such counsel of their obligations hereunder;

(c) the Court and court personnel;

(d) expert witnesses or consultants retained by the parties or their counsel to furnish technical, consulting, or other services in connection with this action or to give testimony with respect to the subject matter of this action;

(e) court reporters, interpreters, and videographers employed in connection with this action;

(f) any person whose testimony is taken, or is scheduled to be taken, in this action; and

(g) any other person agreed to by the parties in writing **or as ordered by the Court.**

5. Except for (i) counsel of record for a party (or staff or supporting personnel of such counsel); (ii) in-house counsel for a party (or staff or supporting personnel of such counsel); and (iii) the Court or court personnel, each person set forth in Paragraph 4 to whom material designated as confidential under this Stipulation is to be disclosed shall, prior to receiving or reviewing such information or materials, be furnished with a copy of this Stipulation and

Protective Order and a copy of the Non-Disclosure Agreement attached hereto as Exhibit A, which the person shall read and sign prior to such review and/or receipt of the material.  Counsel for the party seeking to disclose confidential material to any such person shall be responsible for retaining the executed originals of all Non-Disclosure Agreements.  Copies of such agreements shall be provided to counsel for the designating party upon request.

6.  Nothing contained in this Stipulation shall affect the right of any party to object to, claim a privilege in response to, or otherwise contest an interrogatory, request for production of documents, request for admission, subpoena, or question at a deposition, or to seek further relief or a protective order from the Court as permitted by the Federal Rules of Civil Procedure.  Nothing in this Stipulation shall affect the right of any party to redact material for privilege.  Nothing in this Stipulation shall constitute an admission or waiver of any claim or defense by any party.

7.  In the event that any material designated as confidential is included, described, characterized, excerpted, or referenced in any submission to the Court in connection with this litigation, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality.  Any party wishing to file material designated as confidential by the other party shall seek to file such material under seal pursuant to the Civil Local Rules of this Court, except that the filing party shall first determine whether the designating party will consent to the filing of the material in the public record.

8.  Any material produced by nonparties, pursuant to subpoena or otherwise, may be designated as confidential by any party.

9.  A party shall not be obligated to challenge the propriety of the confidentiality designation of any material at the time the designation is made, and failure to do so shall not preclude a subsequent challenge.  In the event that any party to this litigation disagrees at any point in these proceedings with a particular confidentiality designation, such party shall **meet and confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party and** provide to the designating party a letter stating its objection to the designation and the basis of that objection. If the designating party will not agree to withdraw the designation, it must, within five court days of the objecting party's letter, file a duly noticed motion with the Court seeking a protective order. The burden of proving that material has been properly designated as confidential is on the

13703.003.1335778v1     4     Case No. CV 09-2003 JW

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIAL PRODUCED DURING DISCOVERY**

designating party.  The failure of the designating party to file a motion for a protective order within five days of receiving the notification of the objection shall constitute a waiver of the designation.

10. Nothing in this Stipulation shall preclude any party from: (a) showing a document designated as confidential to an individual who either prepared or received the document prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, any material from the party's own files which the party itself has designated as confidential.  Nothing in this Stipulation shall prevent disclosure beyond the terms of this Stipulation if the party that designated the material consents in writing to such disclosure, or if a court orders such disclosure.

11. If, when producing or otherwise disclosing material, a party inadvertently fails to designate the material as confidential, it shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.  As soon as the receiving party is informed that previously disclosed material is being designated as confidential, the material must be treated as if it had been timely designated under this Stipulation, and the receiving party must endeavor in good faith to obtain any material that has been distributed or disclosed to persons not authorized to access such material by this Stipulation.

12. Within 60 days after the final termination of litigation between the parties, including any appeal, all material designated as confidential and all copies thereof (including summaries and excerpts) shall either be returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that counsel of record for the parties may retain one copy of any pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, and documents constituting attorney work product which contain or reflect confidential material.  Any retained copies of such papers shall be maintained in a file accessible only by counsel and their staff who are authorized to access the material under the provisions of this Stipulation.  This Stipulation shall survive the final termination of this litigation with respect to any such retained confidential material. **For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this protective order.**

13703.003.1335778v1  5  Case No. CV 09-2003 JW

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL MATERIAL PRODUCED DURING DISCOVERY**

13. Notwithstanding the foregoing, the parties acknowledge that many of the types of documents and information that has been requested in discovery to date is information that Longwood and/or DMB is entitled to have as a member of ERSB. In addition, Longwood and/or DMB may seek to disclose certain information to third parties in the context of soliciting new sources of debt or equity capital. In this connection, on or about June 19, 2009, the parties memorialized their agreement regarding the treatment of such documents and information (the "June 19 Agreement"). The parties agreed that information that "Members are entitled to receive in their capacity as members of ERSB or as Members of the Executive Committee of ERSB, shall not be treated as confidential settlement negotiations or discussions." They further agreed that Longwood was entitled to disclose "information regarding the project to third parties in the context of soliciting new sources or debt or equity capital . . . provided that Longwood first obtains a Nondisclosure Agreement from any such third party." The parties now confirm and ratify their agreements set forth in the June 19 Agreement. Nothing in this Stipulation is intended to or does place any restriction whatsoever on Longwood's ability to disclose the above-referenced information as permitted by the June 19 Agreement and, as a consequence, no such information shall be marked "confidential" pursuant to the terms hereof.

DATED: April 5, 2010                COBLENTZ, PATCH, DUFFY & BASS LLP


                                    By: */s/ Richard R. Patch*
                                        Richard R. Patch
                                        Attorneys for Plaintiff and Cross-Defendant DMB
                                        ERSB LLC and Cross-Defendants DMB
                                        REALCO, LLC, DMB COMMUNITIES LLC,
                                        and DMB COMMUNITIES II, LLC


DATED: April 5, 2010                DLA PIPER LLP (US)


                                    By: /s/ Matthew S. Covington
                                        Matthew S. Covington
                                        Attorneys for Defendant and Cross-Complainant
                                        LONGWOOD SAN BENITO LLC

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**PROTECTIVE ORDER**

Pursuant to the parties' stipulation, **and as amended by the court**, IT IS SO ORDERED.

DATED: April 6, 2010

**HOWARD R. LLOYD**
**United States Magistrate Judge**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.   I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I  further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed:  _____

Printed name:  _____
[printed name]

Signature:  _____
[signature]